PHYSICIANS & SURGEONS AMBU-
LANCE SERVICE, INC., doing busi-
ness as **American Medical Response,**
**Petitioner**

v.

**NATIONAL LABOR RELATIONS**
**BOARD, Respondent.**

Nos. 11–1139, 11–1213.

United States Court of Appeals,
District of Columbia Circuit.

April 25, 2012.

Rehearing En Banc Denied
May 21, 2012.

Brian Matthew Herman, James Michael
Walters, Fisher & Phillips, LLP, Atlanta,
GA, for Petitioner.

Usha Dheenan, Linda Dreeben, Deputy
Associate General Counsel, Mackenzie Fil-
low, Nicole Lancia, National Labor Rela-
tions Board, Washington, DC, for Respon-
dent.

Before: TATEL and KAVANAUGH,
Circuit Judges, and GINSBURG, Senior
Circuit Judge.

*JUDGMENT*

This case was considered on the record
from the agency and on the briefs of the
parties. *See* Fed. R.App. P. 34(a)(2);
D.C.Cir. Rule 34(j). For the reasons stat-
ed below, it is

**ORDERED and ADJUDGED** that the
petition for review be denied and the
cross-application for enforcement be grant-
ed.

Physicians & Surgeons Ambulance Ser-
vice, Inc. (PSAS) petitions for review of an
order of the National Labor Relations
Board holding it committed an unfair labor
practice by refusing to bargain with the
Teamsters Local Union No. 507. PSAS
concedes it refused to bargain but argues
the election certifying the Union was inval-
id because the Board-sanctioned voting
booth failed to guarantee voters' privacy.

In October 2009 the Union petitioned
the Board seeking to represent paramedics
at PSAS's facilities in Cleveland, Ohio. On
November 19, 2009 the Board conducted a
secret-ballot election in which the Union
prevailed by two votes. The Board agent
who conducted the election had opted to
use a "table-top voting booth" rather than
a traditional full-body voting booth. The
table-top voting booth included a three-
sided cardboard partition that shielded the
voter's hands, arms, and torso. The Board

agent and the parties' observers sat at a table approximately five feet from the table-top voting booth, whence they could see the faces and upper arms of voters as they marked their ballots. Two voters allege others could see them while they voted but do not allege anyone witnessed how they marked their ballots.

PSAS objected to the election on the ground this arrangement failed to ensure the secrecy of the voting. The Board overruled PSAS's objections.

The " 'Congress has entrusted the Board with a wide degree of discretion in establishing the procedure and safeguards necessary to insure the fair and free choice of bargaining representatives by employees.' " *Antelope Valley Bus Co., Inc. v. NLRB*, 275 F.3d 1089, 1095 (D.C.Cir.2002) (quoting *NLRB v. A.J. Tower Co.*, 329 U.S. 324, 330, 67 S.Ct. 324, 91 L.Ed. 322 (1946)). Board precedent holds an election must be set aside only if the evidence "raises a reasonable doubt as to [its] fairness and validity." *Polymers, Inc.*, 174 N.L.R.B. 282, 282 (1969). In the decision under review the Board explained that when a party alleges a "failure to ensure the secrecy of voter balloting, the Board will not set aside the election under the *Polymers* standard absent evidence that someone witnessed how a voter marked his or her ballot." 356 N.L.R.B. No. 42, 2010 WL 4929682 at *1 (Nov. 30, 2010) (citing *Avante at Boca Raton*, 323 N.L.R.B. 555, 558 (1997)). Because PSAS presented no such evidence, the Board overruled its objection and certified the Union.

PSAS argues the Board departed from its prior cases holding an election invalid without any evidence a person witnessed how a voter marked his or her ballot. The Board distinguished those cases, noting it "has never set aside an election on this basis where, as here, the election was conducted using a Board-sanctioned voting booth." *Id.* at *2. PSAS concedes "[t]his is hyper-technically accurate" but argues the Board erred in applying this rule to a table-top voting booth. Contrary to PSAS's urging, however, the Board's "interpretation of its own precedent is entitled to deference." *Ceridian Corp. v. NLRB*, 435 F.3d 352, 355 (D.C.Cir.2006) (quotation marks and citation omitted). The Board rested upon a rule that accords with its precedents and PSAS presents no basis for rejecting that rule.

In sum, the Board's interpretation of its own precedent and the application of that precedent to the facts of this case were clearly reasonable. We therefore deny the petition for review and grant the Board's cross-application for enforcement.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.